UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CR286-MU

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **DEFENDANT'S SENTENCING** |
| ) | **MEMORANDUM IN SUPPORT** |
| ) | **OF VARIANCE FROM** |
| DAVID LEE PRUETT, ) | **SENTENCING GUIDELINES** |
| Defendant. ) | |
| _____) | |

**NOW COMES** the Defendant, David Lee Pruett, through counsel, and hereby submits the following sentencing memorandum in support of Pruett's request for a variance from the sentencing guidelines range. Sentencing is scheduled for June 28, 2006 at 10:00 a.m.

### BACKGROUND

Pruett is charged in a bill of indictment alleging conspiracy to commit copyright infringement and three substantive counts of copyright infringement. Pursuant to a plea agreement, Pruett has agreed to plead guilty at the time of sentencing to the conspiracy charge. Although the parties have agreed to total offense level of 21, the plea agreement does not preclude Pruett from requesting a downward departure or a variance from the sentencing guidelines range. Pruett contends that a sentence below the guidelines range is appropriate and would better serve the statutory purposes of sentencing.

### MEMORANDUM

Post-*Booker*, the Fourth Circuit has adopted a four-step approach for the district courts to follow when fashioning a reasonable sentence under 18 U.S.C. § 3553: (1)

properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the statutory sentencing factors and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant statutory sentencing purposes. *United States v. Green*, 436 F.3d 449, 455-456 (4th Cir. 2006). This memorandum will address each step of the sentencing process and argue why a variance from the sentencing guidelines is appropriate.

**(1) <u>Calculate the proper sentencing guidelines range.</u>**

This is a somewhat unusual case in that Pruett has not yet formally entered his guilty plea, although the parties have entered into a plea agreement under Fed.R.Cr.Pro. 11(c)(1)(B), and a presentence investigation report ("PSI") has been prepared. Assuming the court accepts the terms of the agreement, the applicable guidelines range is 37 to 46 months imprisonment.[1]

**(2) <u>Determine whether a sentence within that range and within statutory limits serves the statutory sentencing factors and, if not, select a sentence that does serve those factors.</u>**

To properly apply this step, the court must examine each of the statutory purposes of sentencing set forth in §3553(a). Those factors are addressed below.

---

[1] The court has the discretion under Rule 11(c)(3)(B) not to follow the recommendations in the plea agreement.

**3553(a)(1)**
- Nature and circumstances of the offense[2]

The offense involved a group of individuals who were acquainted with each other through the internet. Some members of the group would obtain new software, and try to crack the embedded codes that allowed the software to run. Other group members were testers, whose role was to run the software through its applications to see if the code had been successfully cracked.

Pruett was a tester for computer-aided drafting ("CAD") and computer-aided manufacturing ("CAM") software. Pruett learned to use this software through his job, where he uses computers to design and manufacture airplane parts.

The overall scheme was not committed for profit, and Pruett received no money for his role in the offense. Pruett and the others were not hackers. They did not hack into personal, commercial, or government computers, or steal identities or other sensitive information.

Their goal was simple. Obtain new software, for example, Microsoft Windows, that has a code that has to be entered before it can be successfully uploaded onto a computer. Try to find out the correct code for uploading ("crack" the code). If the code was cracked, the cracker would boast of the accomplishment to other members. The cracked software would be deposited into a repository, called an FTP server, and made available for the group. To Pruett's knowledge, none of the software was ever sold. The goal was simply to crack the software code; not to make money or cause any harm.

---

[2] Counsel has attached a statement from Pruett intended to supplement the Offense Conduct section of the PSI. See Exhibit# 1. The PSI describes in general terms the nature of the "warez scene" and includes a brief summary of Pruett's involvement. Pruett's statement provides greater detail about his participation in the offense.

Pruett's motive is important, because a defendant's motive for committing the offense is a primary factor courts have always considered when determining an appropriate sentence. *See Wisconsin v. Mitchell*, 508 U.S. 476, 485, 113 S.Ct. 2194, 2199 (1993) (*citing* 1 W. LeFave & A. Scott, Substantive Criminal Law § 3.6(b), p. 324 (1986) ("Motives are most relevant when the trial judge sets the defendant's sentence, and it is not uncommon for a defendant to receive a minimum sentence because he was acting with good motives, or a rather high sentence because of his bad motives") ); cf. *Tison v. Arizona*, 481 U.S. 137, 156, 107 S.Ct. 1676, 1687, 95 L.E.2d 127 (1987) ("Deeply ingrained in our legal tradition is the idea that the more purposeful is the criminal conduct, the more serious is the offense, and, therefore, the more severely it ought to be punished"). Pruett's non-profit motive is atypical for a copyright infringement case. He asks the court to factor this in as part of the nature and circumstances of the offense.

- History and characteristics of the defendant

Pruett is 35 years old and single. He has no criminal history points, and his two prior driving-related convictions occurred more than fifteen years ago. He has worked for the same company as a machinist for twelve years. The PSI shows that his average annual salary has been around $50,000. Pruett has approximately $10,000 in savings, a small amount in retirement, and no significant debts other than $300 on a credit card.

In short, other than the instant offense, Pruett has led a normal, productive, law-abiding life. He has never been a danger to the public, and he had no idea of the serious nature of his criminal conduct in this case.

**3553(a)(2)**
- The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.

§3553 states that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 3553(a)(2), and §3582 specifically directs the court to recognize "that imprisonment is not an appropriate means of promoting correction and rehabilitation." With those statutory directives in mind, Pruett contends that the seriousness of his offense is mitigated by his lack of financial motive or gain. A lengthy prison sentence would be unduly severe in relation to the harm intended or caused.

- The need for the sentence imposed to afford adequate deterrence to criminal conduct.

Pruett voluntarily withdrew from active participation in the conspiracy long before he was arrested by the F.B.I. Although he still had access to illegally downloaded software, he quit testing software for the group sometime in 2002, after learning that other groups were getting charged for copyright infringement. Thus, the mere threat of a criminal charge was enough to deter Pruett. Now that he has been charged, any sentence will be more than enough to deter future criminal conduct.

- The need for the sentence imposed to protect the public from further crimes of the defendant.

As stated above, Pruett has no significant criminal record. He has a history of stable employment and income. There is no indication that he will commit further crimes.

- The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Pruett already has highly specialized training in computer-assisted drafting and manufacturing. If a term of imprisonment is imposed, Pruett requests, to the extent possible, any additional vocational training which would benefit him upon release.

**3553(a)(3)**
- The kinds of sentences available.

If the court applies the sentencing guidelines, Pruett must be sentenced to a term of imprisonment, because the total offense level is in Zone D of the guidelines chart. However, pursuant to the statute of conviction, virtually any kind of sentence is available. Probation is not precluded, nor is some type of sentence that substitutes community or home confinement for imprisonment.

**3553(a)(4)**
- The kinds of sentence and the sentencing range established by the sentencing guidelines.

Pursuant to the plea agreement, the total offense level is 21, which provides a range of 37 to 46 months imprisonment.

**3553(a)(5)**
- Any pertinent guidelines policy statements.

Counsel is unaware of any pertinent sentencing guidelines policy statements.

**3553(a)(6)**
- The need to avoid unwarranted sentencing disparity.

Pruett is the sole defendant charged in the indictment, and to counsel's knowledge the only defendant from the conspiracy charged in this district. Therefore, counsel is

unaware of any ready comparison of other defendants from this district. However, attached as Exhibit #2 is a recent article in the Charlotte Observer, stating that three defendants were recently sentenced in "the largest multinational law enforcement action against online software piracy." One defendant received probation, another got a split sentence of six months imprisonment and six months home confinement, and the other defendant got 15 months imprisonment. If these defendants are getting probation and home confinement for "the largest scheme ever," then a downward variance from Pruett's 37 to 46 months guidelines range would not create an unwarranted sentencing disparity.

**3553(a)(7)**

- The need to provide restitution to victims.

    No restitution figure has been established to date.

**(3)   Implement mandatory statutory limitations.**

There are no mandatory statutory limitations in this case.

**(4)   Articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant statutory sentencing purposes.**

Pruett urges the court to adopt the reasons set forth in this memorandum and/or any other articulable reason for selecting a sentence below the sentencing guidelines range.

## CONCLUSION

For the reasons set forth herein, a variance from the sentencing guidelines range is appropriate.

Respectfully submitted this the 5th day of June, 2006.

                                          s/ Deke Falls
                                          N.C. Bar # 24232
                                          Barnett & Falls, P.A.
                                          130-C North McDowell Street
                                          Charlotte, North Carolina  28204
                                          Phone: (704) 334-2044
                                          Fax: (704) 334-2095
                                          Email: deke@barnettfalls.com
                                          Attorney for Defendant PRUETT

## CERTIFICATE OF SERVICE

I, Deke Falls, do hereby certify that I have this day served a copy of the foregoing Defendant Sentencing Memorandum in Support of Variance from Sentencing Guidelines upon the attorney for the government via electronic filing and addressed to the following:

Corey Frazier Ellis
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street
The Carillon Building, Suite 1700
Charlotte, North Carolina 28202
corey.ellis@usdoj.gov

Eric J. Klumb
United States Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Avenue NW
Suite 600
Washington, DC 20530
US
eric.klumb@usdoj.gov

This the 5th day of June, 2006.

s/ Deke Falls
N.C. Bar # 24232
Barnett & Falls
130-C North McDowell Street
Charlotte, North Carolina 28204
Phone: (704) 334-2044
Fax: (704) 334-2095
Email: deke@barnettfalls.com
Attorney for Defendant PRUETT