UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:05CR286-MU

FILED
IN COURT
CHARLOTTE, N. C.

JUN 2 8 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| DAVID LEE PRUETT ) | |
| ) | |
| Defendant. | |

BASED UPON the terms of the plea agreement between the United States of America and defendant, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 17 U.S.C. §506(b):

   a. One BCI mid tower personal computer, serial number ECDG020622
   b. One maxtor model 92040U6 hard drive, serial number C60256JC
   c. One maxtor model 91366U4 hard drive, serial number H405KDXC
   d. 108 CDs and cases with various labels

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute either infringing copies of copyrighted works or implements, devices and equipment used in the manufacture of such infringing copies, and are therefore subject to forfeiture pursuant to 17 U.S.C. §506(b). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
Eric J. Klumb
Senior Counsel
Computer Crime & Intellectual Property Section
U.S. Department of Justice

_____
David Lee Pruett
Defendant

_____
Richard Deke Falls
Attorney for Defendant

Signed this the 28 day of June, 2006.

_____
HON. GRAHAM MULLEN
UNITED STATES DISTRICT JUDGE

2